**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| (1) EDDIE ANQUION STAPLES, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | _____ |
| | **JURY TRIAL DEMANDED** |
| (1) OFFICER NATHAN MILLER, in his individual and official capacity; | |
| (2) POLICE CHIEF GEORGE N. TURNER, in his official capacity; | |
| (3) ATLANTA POLICE DEPARTMENT; and | |
| (4) CITY OF ATLANTA; | |
| Defendants. | |

## COMPLAINT

COMES NOW Plaintiff Eddie Anquion Staples ("Mr. Staples" or "Defendant"), by and through the undersigned counsel, and files this Complaint against Defendants, and shows the following:

## NATURE OF ACTION

1.

This Action concerns the excessive use of force by Officer Nathan Miller against Plaintiff, by unlawfully kicking him twice in the face on May 30, 2014.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and N.D.Ga. L.R. 3.1B(3) because the events and omissions giving rise to Plaintiff's cause of action occurred within this District and within the divisional boundaries of the Atlanta Division of the Northern District of Georgia, and because one or more of the parties reside herein and are subject to the jurisdiction of this Court.

## PARTIES

4.

Plaintiff resides within the divisional boundaries of the Atlanta Division of the Northern District of Georgia.

5.

At all times relevant to this Complaint, Officer Nathan Miller ("Miller") was an employee and officer of the Atlanta Police Department. Miller is a defendant in this Action and is being sued in his individual and official capacities.

6.

At all times relevant to this Complaint, George N. Turner ("Turner") was the Police Chief of the City of Atlanta Police Department. Turner is a defendant in this Action and is being sued in his official capacity as head of APD.

7.

The Atlanta Police Department ("APD") and the City of Atlanta are interchangeable "entity" defendants in this Action.

**FACTS**

8.

On May 30, 2014, at around 12:30am, Plaintiff was outside of Building D of Hagon Park Apartments (located at 3787 Martin Luther King Junior Drive SW, Atlanta, Georgia).

9.

Plaintiff was sitting in a White Dodge Avenger with three other males. Plaintiff and the three other males were sitting in the car while listening to music and drinking Margaritas.

10.

Plaintiff exited the vehicle and began to approach some females who were sitting on a stoop outside the Building.

11.

As Plaintiff began approaching the females, an unmarked car with dark, tinted windows approached him.

12.

Miller and Officer Ace Ybanez ("Ybanez") were inside of the unmarked car.

13.

Plaintiff could not see inside of the car.

14.

Plaintiff did not know that he individuals inside the car were police officers.

15.

One of the individuals inside the car rolled down the window, said "Hey!" to Plaintiff, and motioned with his finger for Plaintiff to approach him.

16.

Plaintiff did not pay attention to them and kept walking towards the females.

17.

Ybanez exited the car and began walking towards Plaintiff.

18.

When Ybanez exited the car, Plaintiff began running.

19.

Plaintiff was unarmed and initially did not know that Ybanez was a police officer.

20.

Ybanez caught up with Plaintiff, jumped on his back and put him in a choke hold.

21.

Plaintiff went to the ground in an effort to surrender.

22.

Ybanez put on one handcuff, then began smashing Plaintiff's head into a cage next to the Building that contained the air conditioning unit. Ybanez then put on the other handcuff.

23.

Plaintiff started crying and screaming for help as Ybanez smashed his head into the cage.

24.

Ybanez said to Plaintiff "shut up, aint nobody back here to help your ass."

25.

A few seconds later, Miller came running full speed to where Plaintiff was lying and kicked him twice in the face.

26.

Plaintiff was fully handcuffed when Miller kicked him in the face.

27.

Plaintiff again cried and screamed for help after Miller kicked him.

28.

Miller said to Plaintiff "shut your bitch ass up nigga ain't nobody back here to help your ass."

28a.

Miller knew Plaintiff because he had arrested Plaintiff about a week prior for gambling ("shooting craps" in public).

29.

Plaintiff sustained a laceration on top of his nose between his eyes, a laceration on his right eyebrow, a chipped right front tooth, a broken tooth on the lower left side of his mouth, and a laceration on his hand that required stitches.

30.

APD conducted an investigation of Miller's actions and determined that he had violated Standard Operating Procedure 4.2.50 (Maltreatment or Unnecessary Force).

31.

The ADP investigator recommended that Miller be disciplined by placing him on a four-day suspension without pay.

31a.

Plaintiff does not know whether Miller ultimately was disciplined by being placed on a four-day suspension without pay.

### COUNT ONE
### VIOLATION OF 42 U.S.C. 1983 FOR EXCESSIVE USE OF FORCE
(Against all Defendants)

32.

Plaintiff incorporates by reference the foregoing paragraphs 1-30 as if fully set forth and restated herein.

33.

Plaintiff had a constitutional right to be free from the use of excessive force against him.

34.

Miller's kicks to Plaintiff's face constituted excessive force.

35.

There was no factual or legal justification at any time for Miller to use that level of force.

36.

On information and belief, Miller's excessive use of force was motivated by personal animus.

37.

On information and belief, Miller's excessive use of force was motivated by racial animus.

38.

The force used against Plaintiff by Miller was not applied in a good faith effort to maintain or restore order, but maliciously and/or sadistically for the very purpose of causing harm under circumstances where the use of force was gratuitous, unnecessary, and entirely punitive.

**Entity Liability**

39.

On information and belief, Miller was never actually suspended for four days.

40.

Alternatively, on information and belief, Miller was never actually suspended without pay.

41.

If Miller was not suspended, or was suspended with pay, then the APD's "disciplinary actions" taken against him were illusory.

42.

On information and belief, the APD's illusory disciplinary action taken against Miller shows that the APD has a procedure, policy, or custom  that encourages and/or permits the unnecessary use of force against fleeing suspects.

43.

The above-mentioned policies, procedures and/or customs violate the 14th and the 4th amendments.

44.

The enforcement of these policies, procedures, and/or customs towards Plaintiff resulted in his injuries.

45.

As a direct and proximate result of the aforementioned unconstitutional conduct of Defendants, Plaintiff has been deprived of his constitutional rights, has suffered bodily injury, has endured and will continue to endure significant mental pain and suffering and emotional distress, and has suffered other damages that will be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

46.

Plaintiff is entitled to recover compensatory damages from Defendants resulting from Defendants' unlawful conduct as alleged herein.

47.

Since some or all of Defendants' conduct was malicious, intentional, and carried out in bad faith, Plaintiff is entitled to recover punitive damages from Defendants.

48.

Plaintiff is also entitled to recover his reasonable attorneys' fees under 42 U.S.C. § 1988.

## DEMAND FOR JURY TRIAL

49.

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff respectfully prays for relief as follows**:

(1) For a trial by jury;

(2) An award in favor of Plaintiff for all damages sustained in an amount to be proven at trial, including but not limited to:

> (a) Actual damages;

> (b) Compensatory damages;

> (c) Punitive damages; and

> (d) Attorneys' fees and costs; and

(3) For such other and further relief as this Court deems just and proper.

Respectfully submitted this 31st day of May, 2016.

*/s/ William J. Smith*
William J. Smith
Georgia Bar No. 710280
Louise N. Smith
Georgia Bar No. 131876
*Attorneys for Plaintiff*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: (678) 690-5299 (office)
T: (678) 889-2264 (William direct)
T: (678) 889-2898 (Louise direct)
F: (678) 889-2890
william@smithlaw-llc.com
louise@smithlaw-llc.com

## FONT AND POINT CERTIFICATION

The undersigned counsel for Plaintiff hereby certifies that the within and foregoing pleading was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B), NDGa.

This the 31st day of May, 2016.

*/s/ William J. Smith*
William J. Smith
Georgia Bar No. 710280

## CERTIFICATE OF SERVICE

I hereby certify that I have caused or will cause service to issue upon

Defendants to this Action with the foregoing COMPLAINT by personal service pursuant to Fed. R. Civ. P. 4. within the time allowed by Fed. R. Civ. P. 4(m).

This the 31st day of May, 2016.

/s/ William J. Smith
William J. Smith
Georgia Bar No. 710280